IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00237-MR

| | |
|---|---|
| KENDALL CHARLES ALEXANDER, SR., ) ) Plaintiff, ) ) vs. ) ) U.S. DEPARTMENT OF JUSTICE, ) et al., ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.     BACKGROUND**

The pro se Plaintiff filed this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. [Doc. 1]. Before the Complaint was reviewed for frivolity, the Plaintiff attempted to amend the Complaint in a piecemeal fashion, which was denied, and he was given the opportunity to amend. [Docs. 7, 8]. The Amended Complaint is before the Court for initial review.

The Plaintiff now asserts violations of the First and Fifth Amendments. [Doc. 9 at 3-4]. The Amended Complaint is, therefore, construed as seeking relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

The Plaintiff names as the Defendant the "U.S. Parole Commission – DOJ." [Id. at 2]. He claims:

> Subsequent to 100% service of sentence, Defendant held on to Plaintiff without detainer for a total of 11 months which included 3 months of extordinary restrictive incarceration. In violation of the First, and Fifth Amendment without repairs.

[Id. at 4] (errors uncorrected). He seeks $1,710,000 in damages and a jury trial. [Id. at 1, 4].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks

---

[1] Constitutional tort claims are not cognizable under the FTCA. See generally FDIC v. Meyer, 510 U.S. 471, 477 (1994); 28 U.S.C. § 2679(b)(2)(A).

2

monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.  DISCUSSION

A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. 403 U.S. at 395-97. The core premise of Bivens is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions,

3

has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002).

The Plaintiff has failed to name a Defendant against whom a Bivens claim can proceed. He names the U.S. Parole Commission as the sole Defendant. However, "[a] plaintiff cannot bring a Bivens action against federal agencies such as the Parole Commission." Brown v. U.S. Dep't of Just., No. PJM 16-3541, 2017 WL 3149796, at *3 (D. Md. July 25, 2017) (collecting cases), aff'd as modified sub nom. Brown v. United States Dep't of Just., 710 F. App'x 130 (4th Cir. 2018); Meyer, 510 U.S. at 475. Therefore, the Bivens claims asserted against the U.S. Parole Commission are dismissed with prejudice.

The allegations in the Amended Complaint are also so vague and conclusory that the claims would be dismissed even if the Plaintiff had named a proper defendant. See generally Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader

must allege facts, directly or indirectly, that support each element of the claim). For this reason, too, the Amended Complaint cannot proceed.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim and the Amended Complaint is dismissed. The Plaintiff's <u>Bivens</u> claims against the U.S. Parole Commission are dismissed with prejudice.

The Court will allow the Plaintiff thirty (30) days to file a superseding Second Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Second Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. Should the Plaintiff fail to timely file a Second Amended Complaint in accordance with this Order, this action will be closed without further notice to Plaintiff.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Amended Complaint [Doc. 9] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The claims for damages against the Defendant U.S. Parole Commission are **DISMISSED WITH PREJUDICE.**

3. The Plaintiff shall have thirty (30) days in which to file a Second Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to file a Second Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983/ Bivens prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge